IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KERRY BROOKS, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | Case No. 16-03466-CV-S-ODS |
| UNITED STATES OF AMERICA, | ) ) ) | Crim. No. 02-03113-01-CR-W-ODS |
| Respondent. | ) | |

## ORDER AND OPINION DENYING PETITIONER'S AMENDED MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Pending is Petitioner Kerry Brooks's Amended Motion to Correct Sentence under 28 U.S.C. § 2255. Doc. #8. Petitioner seeks to be resentenced pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the Armed Career Criminal Act's ("ACCA") residual clause unconstitutional.[1] For the reasons stated below, the Court denies Petitioner's motion.

## I. BACKGROUND

On April 8, 2004, Petitioner pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Ordinarily, that offense carries a maximum punishment of ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, the ACCA requires a minimum sentence of fifteen years if a person violating 18 U.S.C. § 922(g) has three prior convictions for a "violent felony." 18 U.S.C. § 922(e)(1). A "violent felony" is defined as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis

---

[1] Although Petitioner previously filed a motion to vacate under 28 U.S.C. § 2255, which was denied, the Eighth Circuit granted Petitioner's motion to file a second motion under 28 U.S.C. § 2255. *Brooks v. United States*, No. 16-2602 (8th Cir. 2016).

added). The italicized portion of the definition constitutes the "residual clause" held unconstitutional in *Johnson*.

A presentence investigation report ("PSR") was prepared after Petitioner pled guilty. Although the PSR did not specify which convictions supported an ACCA enhanced sentence, the PSR found Petitioner had at least three qualifying convictions. The PSR indicated Petitioner a prior conviction for second degree robbery, a conviction for attempted robbery in the first degree, and two convictions for distribution of a controlled substance. On September 14, 2004, the Court sentenced Petitioner to 210 months' imprisonment.

Petitioner asserts his conviction for attempted robbery in the first degree does not qualify as a predicate offense, and he is not subject to the ACCA's enhanced sentencing provisions. Petitioner concedes his convictions for distribution of a controlled substance are ACCA qualifying offenses. See 18 U.S.C § 924(e)(2)(A); Doc. #8, at 2. The Government concedes Petitioner's second degree robbery conviction does not qualify as an ACCA predicate offense under Eighth Circuit precedent in *United States v. Bell*, 840 F.3d 963 (8th Cir. 2016).[2] *See* Doc. #9, at 1. The Court must decide whether Petitioner's conviction for attempted robbery in the first degree is an ACCA qualifying offense.

## II. DISCUSSION

A "violent felony" is defined as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Supreme Court defines "physical force" as "violent force – that is, force capable of causing physical pain or injury to another person." *United States v. Schaffer*, 818 F.3d 796, 798 (8th Cir. 2016) (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010) (*Johnson I*)).

"To determine whether a past conviction qualifies as a violent felony, we apply the 'categorical approach,' under which we 'look only to the fact of conviction and the

---

[2] The PSR indicates Petitioner was convicted of first degree robbery, but Petitioner attached records indicating the conviction was for second degree robbery. Doc. #8-1. The Government does not contest Petitioner's conviction for second degree robbery.

2

statutory definition of the prior offense." *United States v. Sykes*, 844 F.3d 712, 715 (8th Cir. 2016) (quoting *Taylor v. United States*, 495 U.S. 575, 602 (1990)). If the statute lists elements in the alternative, the court may apply the modified categorical approach, under which the court may look at a limited class of documents to determine "what crime, with that elements, a defendant was convicted of." *Id.* (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)).

> Under Missouri law, a person commits robbery in the first degree
>
> [W]hen he forcibly steals property and in the course thereof he, or another participant in the crime,
> (1) Causes serious physical injury to any person; or
> (2) Is armed with a deadly weapon; or
> (3) Uses or threatens the immediate use of a dangerous instrument against any person; or
> (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.[3]

Mo. Rev. Stat. § 569.020. Under Missouri law, a person is guilty of attempt to commit an offense when, "with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A 'substantial step' is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense."[4] Mo. Rev. Stat. § 564.011(1) (1979).

Petitioner urges the Court to consider only Missouri's attempt statue without reference to the underlying substantive offense. Petitioner argues Missouri's attempt statute can be violated without the use, attempted use, or threatened use of physical force. If true, the degree of force necessary to support a conviction for attempt under Missouri law is less than that necessary to qualify as "violent force" under the ACCA, and an attempt conviction cannot be the basis for an ACCA sentencing enhancement.

"Missouri's attempt statute requires only a showing that defendant's purpose was to commit the underlying offense and that defendant took a substantial step toward its

---

[3] Missouri's first degree robbery statute was amended and transferred to section 570.023, effective January 1, 2017. The Court cites the statutory language in effect when Petitioner was convicted.

[4] Missouri's attempt statute was amended and transferred to section 562.012, effective January 1, 2017. The Court cites the statutory language in effect when Petitioner was convicted.

3

commission." *United States v. Alexander*, 809 F.3d 1029, 1033 (8th Cir. 2016) (quotations omitted) (citing *State v. Faruqi*, 344 S.W.3d 193, 202 (Mo. banc 2011)). In *Alexander*, the Eighth Circuit rejected the defendant's argument that a mere attempt to cause physical injury as defined in Missouri's second degree assault statute would not qualify as a violent felony under the ACCA. 809 F.3d at 1033. The Eighth Circuit found no Missouri state court decisions construing Missouri's second degree assault statute, regardless of whether the defendant attempted to or actually did cause physical pain, in an overbroad manner that would preclude such a conviction from qualifying as a violent felony under section 924(e)(2)(B)(i). *Id.*

Although Petitioner points to Missouri state court decisions in which an attempt conviction was upheld where the "substantial step" did not involve violent conduct, Petitioner does not cite Missouri state court decisions construing Missouri's first degree robbery statute in a manner "that eviscerates the requirements of the ACCA." *Alexander*, 809 F.3d at 1033. Missouri's attempt statute requires only showing the defendant's purpose was to commit the underlying offense, robbery in the first degree in this case. Missouri's first degree robbery statute clearly describes a "violent felony" for ACCA sentencing purposes. *See Bevly v. United States*, No. 16-CV-00965, 2016 WL 6893815, at *3 (E.D. Mo. Nov. 23, 2016). An attempt to commit robbery in the first degree constitutes a violent felony under section 924(e)(2)(B)(i) because attempted robbery in the first degree involves the "attempted use...of physical force against the person of another."

The Court finds Petitioner's conviction for attempted robbery in the first degree qualifies as a "violent felony" under section 924(e)(2)(B)(i). Petitioner's two convictions for distribution of a controlled substance and conviction for attempted robbery in the first degree are violent felonies for purposes of the ACCA. Thus, Petitioner's motion for relief from his sentence under *Johnson* is denied.

### III.  CONCLUSION

The Court denies Petitioner's motion.

4

IT IS SO ORDERED.

                                                /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 27, 2017                UNITED STATES DISTRICT COURT